# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

**MISTY LEIGH PAULK,**[1]

      **Plaintiff,**

**v.**                                                           **No. 19-cv-0713 SMV**

**KILOLO KIJAKAZI,**[2]
**Acting Commissioner of the**
**Social Security Administration,**

      **Defendant.**

## <u>MEMORANDUM OPINION AND ORDER</u>

THIS MATTER is before the Court on Plaintiff's Motion for Attorney's Fees Pursuant to Social Security Act 206(b)(1) with Supporting Memorandum, [Doc. 34], filed on June 23, 2021. The motion seeks $6,866.75 in attorney fees for legal services rendered before the Court. *Id*. at 5. As is customary, the Commissioner takes no position on the relief requested. [Doc. 35] at 2. The parties have consented to the undersigned's entering final judgment in this case. [Doc. 15]. Having reviewed the briefs, the record, and the applicable caselaw and being otherwise fully advised in the premises, I find that the Motion is well-taken and should be granted. Plaintiff will be awarded $6,866.75 in attorney fees.

---

[1] The original Complaint listed Plaintiff's name as "Misty Lehigh Paulk," [Doc. 1], but she corrected that spelling in her Amended Complaint [Doc. 8]. In the Amended Complaint, she lists her name as "Misty Leigh Paulk." *Id*. at 1.

[2] Kilolo Kijakazi is the current Acting Commissioner of Social Security. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Kilolo Kijakazi should be substituted for former Commissioner Andrew Saul as the Defendant in this suit. No further action needs to be taken to continue this suit by reason of the last sentence of section 205(g) of the Social Security Act, 42 U.S.C. § 405(g) (2012).

**Procedural History**

The Commissioner denied Plaintiff's application for a period of disability, disability insurance benefits, and supplemental security income.  *See* [Doc. 8] at 1.  After exhausting her administrative appeals, Plaintiff timely filed an action in this Court on August 5, 2019.  [Doc. 1].  Ultimately, the Commissioner acquiesced and agreed to a voluntary reversal and remand.  [Docs. 29, 30].  On remand, Plaintiff was awarded past-due benefits totaling $51,475.  Notice of Award [Doc. 34-2] at 6.  The Commissioner has withheld $12,866.75 to pay for representation before the Administration and before this Court.[3]  *Id.*

Plaintiff and her counsel entered into a contingency fee agreement providing that Plaintiff would pay her attorneys 25% of any back benefits in exchange for representation in federal court.  Fee Agreement—Federal Court [Doc. 34-1] at 2.  Plaintiff's counsel have requested $6,866.75 for representation before this Court, which is about 13.3% of the back benefits awarded.

**Standard**

A court may award attorney fees pursuant to 42 U.S.C. § 406(b)(1) where the claimant receives a favorable administrative decision following a remand of the case to the Secretary for further consideration.   In relevant part, the statute at issue states:

> Whenever a court renders a judgment favorable to a claimant under this subchapter who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment . . . .

---

[3] Under 42 U.S.C. § 406(a), any award of fees for services performed before the Administration is properly a matter for the Administration to decide.  This Court awards fees only for services performed here.  42 U.S.C. § 406(b) (2018); *Wrenn v. Astrue*, 525 F.3d 931, 937 (10th Cir. 2008).

42 U.S.C. § 406(b)(1) (2018).  "The tenor of 406(b) is permissive rather than mandatory.  It says that the court *may* make such an award, not that such an award *shall* be made."  *Whitehead v. Richardson*, 446 F.2d 126, 128 (6th Cir. 1971).  The *Whitehead* court reasoned that "Congress recognized the difference between the mandatory term 'shall' and the permissive term 'may.'"  *Id*. Congress used "shall" in 406(a) and "may" in 406(b) where the statute specifically provides that the court is expected to determine whether to allow attorney fees.  *Id*.  Traditionally, an award of attorney fees is a matter within sound discretion of the court.  *Id*.

In *Gisbrecht v. Barnhart*, the Supreme Court concluded that § 406(b) was designed by Congress to "control, not displace, fee agreements between Social Security benefit claimants and their counsel."  535 U.S. 789, 792 (2002).  Courts should review fee arrangements "as an independent check, to assure that they yield reasonable results in particular cases."  *Id.* at 807.  The statute imposes the 25%-of-past-due-benefits limitation on fees as a ceiling, not as a standard to be used to substantiate reasonableness.  *Id*. at 808–09.

Courts have reduced attorney fee "recovery based on the character of the representation and the results the representation achieved."  *Id.* at 808.  In cases where plaintiffs' attorneys have caused delays or provided substandard representation or if the benefits are large in comparison to the amount of time counsel spent on the case, courts have authorized reduced fees.  *Id.*; *see also McGuire v. Sullivan*, 873 F.2d 974, 981 (7th Cir. 1989) (explaining that "the court should consider the reasonableness of the contingency percentage to make sure the attorney does not receive fees which are out of proportion to the services performed, the risk of loss and the other relevant considerations").  Ultimately, plaintiffs' attorneys have the burden of showing that the fee sought is reasonable.  *Gisbrecht*, 535 U.S. at 808.  "Within the 25 percent boundary, . . . the

attorney for the successful claimant must show that the fee sought is reasonable for the services rendered." *Id*. at 807.

### Analysis

First, the Court must determine if the Fee Agreement meets § 406(b)(1) guidelines.  In relevant part, the Fee Agreement reads:

> . . . . I understand that my federal court attorney also has the right to ask the court to award 25% of my past-due benefits ("406(b) fees") for representing me in federal court. . . .
>
> I understand that the SSA will withhold my past-due benefits and will send any approved fee to my federal court attorney.  If SSA, through error, fails to withhold my federal court attorney's fee and pays the legal fee to me by mistake (which sometimes happens), I will pay my federal court attorney promptly from the back benefits I receive. . . .

[Doc. 34-1] at 2.  Thus, the Fee Agreement meets § 406(b)(1)'s guideline of not exceeding 25% of the past-due benefits.

Second, the Court must review contingent fee agreements such as these "to assure that they yield reasonable results in particular cases." *Gisbrecht*, 535 U.S. at 807.  Plaintiff's counsel have the burden of demonstrating that their request for fees is reasonable under the circumstances.  *Id*. The reasonableness determination is "based on the character of the representation and the results the representation achieved." *Id*. at 808.  Factors relevant to the reasonableness of the fee request include: (1) whether the attorney's representation was substandard; (2) whether the attorney was responsible for any delay in resolution of the case; and (3) whether the contingency fee is disproportionately large in comparison to the amount of time spent on the case.  *Id*.

Having reviewed the particular facts of this case in light of the *Gisbrecht* factors, I find that Plaintiff's counsel have shown that $6,866.75 is reasonable for representation of Plaintiff

before this Court.  Counsel have ably represented Plaintiff before this Court, totaling 20 hours of attorney time and 6.2 hours of paralegal time.  [Doc. 34] at 4.  Counsel's representation was more than adequate; the results achieved were excellent.  *See* [Doc. 34-2] at 2–8.  Next, the Court finds that Plaintiff's counsel were not responsible for any appreciable delay in resolution of the case.

Finally, the Court finds that the award would not be disproportionately large in comparison to the amount of time spent on the case (20 attorney hours and 6.2 paralegal hours). *See* Affirmation of Attorneys Edward A. Wicklund and Francesca J. MacDowell [Doc. 34] at 3–6; Hourly Billing Ledger [Doc. 34-3] at 2–3.  Attributing $620 to the paralegal time (6.2 hours at $100 per hour), the requested amount would yeild an effective attorney rate of $312.34 per hour.  Considering counsel's experience and performance in this case, the Court finds the rate to be reasonable.[4]

**IT IS THEREFORE ORDERED, ADJUDGED AND DECREED** that Plaintiff's Motion for Attorney's Fees Pursuant to Social Security Act 206(b)(1) [Doc. 34] is **GRANTED.** Counsel are awarded **$6,866.75** in attorney fees pursuant to 42 U.S.C. § 406(b)(1) for representing Plaintiff before this Court.[5]

**IT IS SO ORDERED.**

_____
**STEPHAN M. VIDMAR**
**United States Magistrate Judge**
**Presiding by Consent**

---

[4] *See generally Grunseich v. Barnhart*, 439 F. Supp. 2d 1032, 1035 (C.D. Cal. 2006) (approving attorney fees of $600 per hour); *Yarnevic v. Apfel*, 359 F. Supp. 2d 1363, 1365–66 (N.D. Ga. 2005) (approving attorney fees at an effective rate of $643 per hour); *Montes v. Barnhart*, No. 01-cv-0578 BB/KBM (D.N.M. Dec. 3, 2004) (approving attorney fees at an effective rate of $701.75 per hour).

[5] This Court previously awarded $4,311 in attorney fees under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412.  [Doc. 33] at 1.  As counsel acknowledge, they are required to refund the smaller of the EAJA award (or, if applicable, whatever portion of the EAJA award not subject to offset under the Treasury Offset Program) or this § 406(b) award to Plaintiff in accordance with *Gisbrecht*, 535 U.S. at 796.  [Doc. 34] at 4–5.